657 N.W.2d 119 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant/Cross-Appellee,
v.
Steven Wayne ADAMS, Defendant-Appellee/Cross-Appellant.
Docket No. 122297, COA No. 230376.
Supreme Court of Michigan.
March 5, 2003.
On order of the Court, the application for leave to appeal from the August 20, 2002 decision of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED because we are not persuaded that the question presented should be reviewed by this Court. Further, we observe that the prosecutor failed to file a brief in the Court of Appeals, and now complains of the result reached by that court.
MARKMAN, J., dissents and states as follows:
The principal issue in this involuntary manslaughter case is whether the trial court erred when it delivered the following instruction to the jury:
Some acts are gross negligence by their nature. For example, driving a vehicle, either under the influence of alcohol or drugs, or when visibly impaired by their consumption[,] is, in the eyes of the law, gross negligence because of the readily apparent risk it creates and the disregard for others that necessarily follows from taking that risk.
Defendant, who drove his vehicle the wrong way on I-196 in Grand Rapids, initiated a chain of events culminating in the deaths of two persons. His convictions of involuntary manslaughter were reversed on the ground that the trial court's instruction was defective in removing from the jury the question of gross negligence. However, in my judgment, the trial court's instruction did not direct a verdict on this issue. Rather, the court only instructed the jury that driving a vehicle while under the influence of alcohol or drugs, or when visibly impaired by their consumption, constituted an example of gross negligence. The court did not instruct the jury that defendant had driven a vehicle either while under the influence or while visibly impaired. I would grant leave to appeal in order to reconcile inconsistent opinions of *120 this Court in regard to such an instruction, in particular People v. Townsend, 214 Mich. 267, 183 N.W. 177 (1921) and People v. Lardie, 452 Mich. 231, 551 N.W.2d 656 (1996).
Even if this Court concludes that the trial court's instruction here was in error, I would consider whether the error was harmless. People v. Duncan, 462 Mich. 47, 51-54, 610 N.W.2d 551 (2000); People v. Thinel, 429 Mich. 859, 859-860, 412 N.W.2d 923 (1987). That is, under what circumstances, if any, would driving a vehicle "under the influence of alcohol or drugs, or when visibly impaired by their consumption" not constitute gross negligence? Further, if there are such circumstances, did they, in fact, obtain in this case?